UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HITEL TECHNOLOGIES LLC,<br><br>Plaintiff<br><br>v.<br><br>THE MEN'S WEARHOUSE, LLC,<br><br>Defendants | Case No. 6:20-cv-01209-ADA<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] AGREED SCHEDULING ORDER**

Pursuant to the Order Governing Proceedings, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Deadline | Item |
|---|---|
| 6/30/2021 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 7/7/2021 | Case Management Conference - deemed to occur on this date for scheduling purposes. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material.  Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| 7/21/2021 | The Parties shall submit an agreed Scheduling Order.  If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 8/25/2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9/8/2021 | Parties exchange claim terms for construction. |
| 9/22/2021 | Parties exchange proposed claim constructions. |
| 9/29/2021 | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 10/6/2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 10/13/2021 | Defendant files Opening claim construction brief, including any arguments that any claim terms are not indefinite. |
| 11/3/2021 | Plaintiff files Responsive claim construction brief. |
| 11/17/2021 | Defendant files Reply claim construction brief. |
| 12/1/2021 | Plaintiff files Sur-Reply claim construction brief. |
| 12/6/2021 | Parties submit Joint Claim Construction Statement.<br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

SCHEDULING ORDER                                                                                               2

| | |
|---|---|
| 12/8/2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| 12/15/2021 | Markman Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the Markman hearing approaches. |
| 1/4/2021 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 1/14/2022 | Deadline to add parties. |
| 2/28/2022 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 4/25/2022 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 7/5/2022 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 8/1/2022 | Close of Fact Discovery |
| 8/8/2022 | Opening Expert Reports |
| 9/8/2022 | Rebuttal Expert Reports |
| 9/26/2022 | Close of Expert Discovery |
| 10/3/2022 | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 10/10/2022 | Dispositive motion deadline and Daubert motion deadline.<br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 10/24/2022 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| | |
|---|---|
| 11/7/2022 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 11/14/2022 | Serve objections to rebuttal disclosures and File Motions *in-limine*. |
| 11/21/2022 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| 11/28/2022 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| TBD | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| TBD | Final Pretrial Conference. The Court expects to set this date at the conclusion of the Markman Hearing. |
| TBD | Jury Selection/Trial. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

**SIGNED** this 27th day of July, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE